UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ISAACS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTIS SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 12-cv-381-L(BGS) <br><br> **ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **MOTION TO LIFT STAY** **[DOC. 14]** |

     Pending before the Court is Plaintiffs Craig Isaacs and Nexus Wealth Management, Inc.'s *ex parte* motion to lift the stay imposed on this case. Specifically, Plaintiffs request that the Court lift the stay as of January 4, 2013, which marks the end of the contractually required 120-day period before judicial proceedings may commence in the event of mediation. (*Ex Parte* Mot. 3:5–22.) The Court imposed the stay after the parties jointly requested it so that they could proceed to non-binding mediation.

     There is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (internal quotation marks omitted). Here, Plaintiffs' request is currently premature. The fact that Plaintiffs request that the stay be lifted one month

in advance when they are entitled to commence judicial proceedings demonstrates this. Furthermore, Plaintiffs' request places an unnecessary burden on the Court. Thus, under the district court's inherent power to control its docket, the Court **DENIES** Plaintiffs' *ex parte* motion. *See Atchison*, 146 F.3d at 1074.

Alternatively, this Court's Standing Order for Civil Cases states that

> Before filing an *ex parte* application, the parties must meet and confer in an attempt to resolve the issue. If the parties are unable to resolve it, the applicant shall attach a declaration documenting the meet and confer efforts and explain the reason for failure to reach a resolution, or explain why a meeting and conference is not appropriate in the context of the request.

Plaintiffs fail to provide a declaration documenting any meet-and-confer efforts, an explanation of the reason for the failure to reach a resolution, or an explanation of why a meeting and conference is not appropriate in this context. (*See* Tremblay Decl. ¶¶ 1–5.) Thus, this *ex parte* motion is not in compliance with this Court's Standing Order for Civil Cases regarding *Ex Parte* Applications.

In light of the foregoing, the Court **DENIES** Plaintiffs' *ex parte* motion to lift the stay imposed on this case. (Doc. 14.) Plaintiffs may re-file this request once they are ready to request that the stay be lifted immediately at the time they re-file, presumably on or after January 4, 2013. Furthermore, if Plaintiffs choose to file another *ex parte* request, they must also comply with this Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

DATED: December 7, 2012

M. James Lorenz
United States District Court Judge